# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TIMOTHY AMMONS IV.,** : | |
| : | |
| **Plaintiff,** : | |
| : | No. 5:24-cv-00187-MTT-TQL |
| **v.** : | |
| : | |
| **BIBB CTY. SHERIFF'S OFFICE,** : | |
| *et al.*, : | |
| : | |
| **Defendants.** : | |

## **ORDER**

*Pro se* Plaintiff Timothy Ammons, IV., an inmate at the Bibb County Jail in Macon, Georgia, filed a 42 U.S.C. § 1983 civil rights complaint.  ECF No. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  ECF No. 2.  On June 17, 2024, Plaintiff was ordered to submit the statutorily required certified copy of his inmate trust account statement for the preceding six months in support of his motion to proceed *in forma pauperis*.  ECF No. 4.  Plaintiff was given fourteen (14) days to respond and was informed that failure to comply with an order of the Court could result in dismissal of this action.  *Id*.  Plaintiff failed to respond.  Therefore, on July 8, 2024, the Court notified Plaintiff that it had not received a response and ordered him to show cause why this action should not be dismissed for failure to comply with a Court order.  ECF No. 5.  Plaintiff was given fourteen (14) days to answer.  Having not received Plaintiff's response within twenty-one days, this Court dismissed this civil action on July 29, 2024 and judgment was entered on July 30, 2024.  ECF Nos. 6 and 7.  Thereafter, on August 9, 2024, the Court

received an account certification form and a letter from the Plaintiff that he mailed to the Clerk of Court in Albany. Georgia instead of to the Clerk of Court in Macon, Georgia where his case is docketed.[1]  ECF Nos. 8 and 9.  The certification form is dated July 11, 2024.  ECF No. 8.  Plaintiff did not put a date on his letter to the Court.  ECF No. 9.

"Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)).  "Absent evidence to the contrary," courts "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)). Here, Plaintiff did not date his submissions to the Court so the Court cannot definitively determine when he presented these documents to prison officials for mailing.  Indeed, the postmark on the envelope is not until August 6, 2024 (ECF No. 8-1), well past the date for compliance to the Court's orders (ECF Nos. 4 and 5).  However, this Court will generously find, in this instance, that the prison mailbox rule applies to Plaintiff's late tendering of the account certification form despite Plaintiff's omission of a signature date.  The Court, however, may not be so lenient in any future filings from the Plaintiff which are left undated by him.

The Court now **VACATES** its prior Dismissal Order (ECF No. 6) and Judgment (ECF No. 7).  This civil action is now **RECOMMITED** to the United States Magistrate

---

[1] Because Plaintiff's case is docketed in the Macon Division, Plaintiff must submit all pleadings, motions, notices, and so forth to the Clerk of Court in Macon, Georgia.

Judge for screening pursuant to 28 U.S.C. § 1915 and the order referring this case to the Magistrate Judge for preliminary matters (ECF No. 3).

**SO ORDERED,** this 13th day of August, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
